IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| COREY J. GARDNER, #258 425, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:18-CV-959-MHT |
| | ) | [WO] |
| WARDEN RICHIE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Donaldson Correctional Facility in Bessemer, Alabama, brings this 42 U.S.C. § 1983 action alleging unconstitutional conditions of confinement and inadequate medical care during his incarceration at the Bullock Correctional Facility. He seeks injunctive relief and damages.  Upon review, the court concludes that dismissal of Plaintiff's allegation of inadequate medical care against the medical defendants prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

## I. DISCUSSION

While incarcerated at the Bullock Correctional Facility, Plaintiff maintains five fires were set in September and October of 2018. He complains, in part, he was not provided with proper medical assistance on these occasions. Doc. 14 at 2–3.

Plaintiff brings his amended complaint against various correctional prison and medical personnel. The medical defendants include Wexford Health Services, Dr. T. Sadik, Nurse

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Richardson, Nurse, Crawford, and Nurse Taylor. The court considers Plaintiff to allege these defendants are liable under the Eighth Amendment for a denial of proper medical assistance regarding the actions described in his amended complaint.[2]

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp., v. Twombly*, 550 U.S. 554, 570 (2007)). Plaintiff cannot rely on subjective suspicions and unsupported speculation but must provide  sufficient facts to show how the conduct or actions of a  defendant allegedly violated his constitutional rights.

Despite providing Plaintiff with multiple opportunities to file an amended complaint specifically describing how the individuals he named as defendants acted to deprive him of his constitutional rights (Docs. 9, 13), a review of Plaintiff's amended complaint reflects a generalized assertion regarding a denial of proper medical assistance unsupported by any specific factual allegations against the named medical defendants. Because Plaintiff's generalized assertion regarding a denial of adequate medical assistance is unsupported by any specific factual allegations, the amended complaint is insufficient to state a claim against the medical defendants under § 1983 and the amended complaint against these defendants is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *Neitzke v. Williams,* 489 U.S. 319 (1989); *see also Estelle v. Gamble*, 429 U.S. 97, 104, 105–106 (1976) (to establish claim for deprivation of medical care in a § 1983 action, a prisoner must show that the defendants acted with deliberate indifference to his serious

---

[2] For purposes of this Recommendation, the court assumes, without deciding, the medical defendants may properly be considered state actors. *See e.g., Ort v. Pinchback,* 786 F.2d 1105, 1107 (11th Cir.1986)*; Carswell v. Bay County,* 854 F.2d 454 (11th Cir.1988); *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700 (11th Cir.1985); *Morrison v. Washington County, Alabama*, 700 F.2d 678 (11th Cir. 1983).

medical needs; mere negligence or a failure to act reasonably is not enough); *Mandel v. Doe*, 888 F.2d 783, 787–788 (11th Cir. 1989) (mere negligence or medical malpractice "not sufficient" to constitute deliberate indifference).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's Eighth Amendment claim against Defendants Wexford Health Services, Dr. T. Sadik, Nurse Richardson, Nurse Crawford, and Nurse Taylor be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim on which relief may be granted;

2. Defendants Wexford Health Services, Dr. T. Sadik, Nurse Richardson, Nurse Crawford, and Nurse Taylor be terminated as parties to the amended complaint;

3. Plaintiff's amended complaint against Defendants Wexford Health Services, Dr. T. Sadik, Nurse Richardson, Nurse Crawford, and Nurse Taylor be DISMISSED without prejudice to any state law claims for negligence and/or medical malpractice;

4. The amended complaint against the remaining defendants be referred to the undersigned for further proceedings.

It is further

ORDERED that **on or before March 5, 2019**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which he objects. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and

waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th  Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 19th day of February 2019.


_____/s/ Wallace Capel, Jr._____
CHIEF UNITED STATES MAGISTRATE JUDGE