IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| COREY J. GARDNER, #258 425, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18-CV-959-MHT-KFP |
| | ) | [WO] |
| WARDEN PATRICE RICHIE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Pro se Plaintiff Corey Gardner filed this 42 U.S.C. § 1983 action on November 13, 2018. On February 19, 2019, the Court entered an Order directing Defendants to file an Answer and Written Report to the Amended Complaint and directing Plaintiff to "immediately inform the court and Defendants or Defendants' counsel of record of any change in his address." Doc. 15 at 3, ¶ 6. The Order also advised Plaintiff that "[f]ailure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action." *Id*.

The Court recently determined that Plaintiff is no longer housed at the last service address of record he provided. Accordingly, the Court entered an Order on August 27, 2021 requiring that, by September 10, 2021, Plaintiff file with the Court a current address or show cause why this case should not be dismissed for his failure to adequately prosecute this action. Doc. 37. This Order specifically advised Plaintiff this case could not proceed if his whereabouts remained unknown and cautioned him his failure to

comply with its directives would result in the dismissal of this case. *Id*. To date, Plaintiff has not complied with or otherwise responded to the August 27, 2021 Order.

The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (observing that a "district court possesses the inherent power to police its docket"). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

The Court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After review, the Court finds dismissal of this case is the proper course of action. First, the administration of this case cannot properly proceed in Plaintiff's absence. Next, it appears Plaintiff is no longer interested in the prosecution of this case as he has failed to comply with the orders of the Court. Finally, under the circumstances of this case, any additional effort by this Court to secure Plaintiff's compliance would be unavailing and a waste of this Court's scarce judicial resources. Consequently, the undersigned concludes this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice for Plaintiff's failures to prosecute this action and comply with multiple orders of the Court.

It is ORDERED that objections to the Recommendation must be filed by **October 13, 2021**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive, or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable. Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report will bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 29th day of September, 2021.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE